## James R. Lewis v. The People, etc., ex Relatione Carrie Catlin.

1. QUESTION OF FACT—*In Bastardy Proceedings.*—In bastardy proceedings the question as to whether the defendant is the father of the bastard child is a question of fact for the jury.

2. PRESUMPTIONS—*Where a Child is Shown to Have Been Alive.*— Where a child is shown by the evidence to have been once alive, and there is no evidence tending to show its death, the presumption is that it is still living.

Bastardy Proceedings.—Appeal from the Criminal Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 3, 1900.

PLOTKE & FRAZIER and J. B. LIGHT, attorneys for appellant.

CHARLES S. DENEEN, State's Attorney, for appellee; FREDERICK L. FAKE, JR., Assistant State's Attorney, and M. E. AMES, of counsel.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a bastardy proceeding brought by the People of the State of Illinois ex rel. Carrie Catlin against appellant. The jury found by their verdict that Carrie Catlin was delivered of a bastard child and that appellant " is the real father of said child." A motion for a new trial was overruled and judgment entered against appellant for the full amount pro-

vided by statute, viz., $100 for the first year and $50 per year for the succeeding nine years, payable " in equal quarterly payments to the clerk of the court." It is to reverse that judgment that this appeal is prosecuted.

. Appellant does not take the stand or speak as a witness. There is no testimony in conflict with that of the relator as to the fact of appellant's intercourse with her. The only testimony offered by defendant is that of one Arthur Ludwig, who testified that he had sexual intercourse with the relator at such times as that it might be that he was the father of the child. The relator testified that she had never had sexual intercourse with any one except appellant. Whether appellant was the father of said child was a question of fact for the jury. We see no reason in the testimony for disagreeing with the jury in the finding upon that question.

The only other point urged by appellant is that, as he contends, there is no proof that the child is alive. The judgment is " for the support, maintenance and education of said bastard child." It is not a fine. Neither is the judgment in favor of the relator. Money paid thereon must be expended for the support of the child as shall be directed by the court.

The child was born alive. One witness testifies to having seen it when it was about three and one-half months old. Then it was alive and well. There is no evidence tending to show its death. In law it is presumed to be still living. About a year prior to the trial one of the attorneys for appellant applied to the witness who knew and testified as to the whereabouts of the child, to ascertain where it was. It is probable that if the child was not then living its death would have been established at the time of the trial.

Perceiving no error in this record, the judgment of the Criminal Court is affirmed.